UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cereplast, Inc.,

          Plaintiff,

–v–

Magna Group, L.L.C., et al.,

          Defendants.

13-cv-3120 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

    The above case is stayed due to Plaintiff's bankruptcy proceedings. In an order dated April 4, 2016, the Court directed the parties to submit a status letter to the Court no later than October 1, 2016 indicating whether the case should remain on suspense, be dismissed, or be restored to the calendar. *See* Dkt. No. 43. On October 5, 2016, the Court, having received no such letter, ordered the parties to submit an update no later than October 12, 2016. Dkt. 44. On October 20, 2016, having received no response whatsoever from the parties, the Court again informed the parties that it had not yet received any status letter, and ordered that such letter be submitted no later than October 29, 2016. Dkt. 45. The Court made clear in that order that failure to submit such letter would result in dismissal of the case. *Id.* As of the date of this order, the Court has not received any status update or other communication from the parties.

    Federal Rule of Civil Procedure 41(b) "authorizes a court to dismiss an action '[f]or failure of the plaintiff to prosecute or to comply with ... any order of court....'" *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (citing Fed. R. Civ. P. 41(b)). "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*." *Id.*; *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (observing that such power allows federal courts to "clear

their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."). Generally, in assessing whether dismissal is appropriate, courts in this Circuit look to five factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer*, 139 F.3d at 112-13.

In light of the Court's repeated requests for a status letter, and the parties repeated failures to send such a letter, and given the Court's explicit notice that dismissal would result were no such letter submitted by October 29, 2016, the Court hereby DISMISSES the above case without prejudice. The Clerk of the Court is instructed to terminate the case.

SO ORDERED

Dated: November 2, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge